1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   Dr. DAVID KERBS,                              CASE NO. C11-1642 MJP

11                    Plaintiff,                     ORDER GRANTING MOTION TO
                                                    REMAND
12        v.

13   SAFECO INSURANCE COMPANY OF
     ILLINOIS, INC., and SAFECO
14   INSURANCE COMPANY OF
     AMERICA,
15
                     Defendants.
16

17

18        This matter comes before the Court on Plaintiff's motion to remand this action to King

19   County Superior Court.  (Dkt. No. 24.)  Having reviewed the motion, the response (Dkt. No. 99),

20   the reply (Dkt. No. 103), the surreply (Dkt. No. 105), the response to reply (Dkt. No. 108), and

21   all related papers, the Court GRANTS the motion.  The Court finds this matter suitable for

22   decision without oral argument.  The Court REMANDS this action to King County Superior

23   Court and terminates all pending motions.

24   \\

**Background**

      This is a class action dispute over reductions Defendants Safeco Insurance Company of Illinois, Inc. and Safeco Insurance Company of America (collectively "Safeco") has allegedly made to bills from health care providers for services rendered to accident victims covered by personal injury protection policies ("PIP") issued by Safeco.  Plaintiff alleges Safeco reduces bills for PIP coverage to an amount represented by the 85th percentile of charges, regardless of whether the reductions are reasonable or not.  This is known as a UCR85 explanation or reduction.  Plaintiff alleges this violates state law requiring Safeco to provide coverage for "all reasonable medical expenses" and the Washington Consumer Protection Act ("CPA").

      The case arrives before this Court after seventeen months of litigation in Superior Court, less than two months before trial.  After receiving a settlement demand letter on September 23, 2011, Defendants believed they received sufficient notice that this case should be filed in district court pursuant to the Class Action Fairness Act ("CAFA").  This was only after Plaintiff survived two motions to dismiss, a motion for summary judgment, and three motions for discretionary review, and successfully certified a class.  Starting in July of this year, Safeco has engaged in a range of efforts to postpone the trial date (set for November 28, 2011), including filing two motions to continue that have been denied and a motion to modify the Court of Appeals Commissioner's denial of review of the class certification order.  Safeco's most recent attempt to delay the trial is its removal of the case on October 3, 2011.  Not three days after removal, Defendants filed a motion to dismiss, the same day Plaintiff filed his motion to remand. (Dkt. Nos. 22, 24.)

      The settlement letter on which Defendants base the removal contains Plaintiff's latest view of the value of the case.  The letter states that "subject to confirmatory discovery, we

believe the amount of UCR 85 reductions over this period [May 1, 2006 through September 23, 2011] to be roughly $2.4 million."  (Dkt. No. 1-12 at 3.)  A footnote states further that "Our $2.4 million estimate is based on Mr. Elges['] calculation that roughly 20% of the amount set out in the 'FS/UCR' column of the AIS 'Savings Reports' is attributable to UCR85 reductions."  (Id.) The letter asks for exemplary damages calculated at 50% of the UCR85 reductions.  (Id.)  Thus, although Plaintiff's amended complaint asks for treble damages, the letter affirmatively waives any such request and asks for only $1.2 million in exemplary damages.  (Id.)  The letter also requests attorneys' fees in the amount of 25% of the total recovery--$900,000.

Plaintiff argues that the removal is untimely and that the settlement letter does not establish the amount in controversy is over $5 million.  Removal is based on the existence of CAFA jurisdiction, which provides federal jurisdiction over cases involving at least 100 class members, minimal diversity between the parties, and over $5 million in controversy.  28 U.S.C. § 1332(d).  Because the amount in controversy element of jurisdiction is dispositive, the Court does not review Plaintiff's arguments as to the timeliness of removal, although it does provide a brief overview of the standard for timeliness.

**Analysis**

A.    Standard

Where a case is removed based on CAFA jurisdiction, there are two thirty-day windows of opportunity in which to remove the case.  Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 884-85 (9th Cir. 2010).  "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'"  Id. (quoting Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy

ORDER GRANTING MOTION TO REMAND - 3

1   of an amended pleading, motion, order or other paper' from which removability may first be

2   ascertained.  Id. (quoting 28 U.S.C. § 1446(b)).  The Ninth Circuit has held that a settlement

3   demand letter can constitute an "other paper."  Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th

4   Cir. 2002).  As Defendants set forth, the "other paper" must "establish[] within its four corners

5   that the amount in controversy exceeds the jurisdictional limit."  (Dkt. No. 99 at 7 (citing Harris,

6   425 F.3d at 696).)

7          Where the plaintiff alleges the amount in controversy is below the CAFA minimum of $5

8   million, the defendant can only sustain removal if it shows "to a legal certainty" the amount

9   exceeds $5 million.  Lowdermilk v. U.S. Bank National Ass'n, 479 F.3d 994, 999 (9th Cir.

10  2007).  "Where the plaintiff has alleged her facts and pled her damages, and there is no evidence

11  of bad faith, the defendant must not only contradict the plaintiff's own assessment of damages,

12  but must overcome the presumption against federal jurisdiction."  Id.  This standard "guard[s] the

13  presumption against federal jurisdiction and preserve[s] the plaintiff's prerogative . . . to forego a

14  potentially larger recovery to remain in state court."  Id.

15         The amount in controversy can include both attorneys' fees and treble damages, in

16  addition to compensatory damages.  Attorneys' fees can be included in the amount in

17  controversy if they are provided for by statute.  Lowdermilk, 479 F.3d at 1000.  Here, the CPA

18  provides for attorneys' fees, and their inclusion in the calculation of the amount in controversy is

19  acceptable.  Treble damages may be included in the calculation of the amount in controversy

20  where, as here, they are provided for by statute.  See Gibson v. Chrysler Corp., 261 F.3d 927,

21  946 (9th Cir. 2001).

22  B.     Amount in Controversy

23

24

1    Defendants base their removal on the settlement demand letter's statements as to the

2    amount in controversy.  The settlement letter is inadequate for two reasons: (1) the settlement

3    letter limits the amount in controversy below $5 million; and (2) Plaintiff's explanation of the

4    damages is not sufficiently clear to a legal certainty to support removal.

5    Defendants improperly ignore that the settlement letter, which is the basis for removal,

6    limits the amount in controversy below $5 million.  As Defendants admit, the letter must show

7    "within its four corners that the amount in controversy exceeds the jurisdictional limit."  Harris,

8    425 F.3d at 696; (see Dkt. No. 99 at 7).  Yet, the settlement letter here expressly limits the

9    amount in controversy to an amount below $5 million by limiting treble damages.  Rather than

10   ask for treble damages, Plaintiff seeks on 50% of the compensatory damages as an exemplary

11   damage.  Defendants improperly look beyond the four corners of the settlement letter and take

12   the complaint's request for treble damages as the proper measure of damages.  As Defendants'

13   own statement of the applicable law recognizes, this is not a proper application of the law.  (Dkt.

14   No. 99 at 7.)  Defendant's position also ignores that a plaintiff may constrain the amounts he

15   seeks as damages even if it is to avoid removal.  Lowdermilk, 479 F.3d at 999 n.5 ("A plaintiff

16   may, of course, stipulate to damages in order to avoid federal jurisdiction, or the jurisdiction of

17   particular federal courts.")  Defendants thus wrongly suggest that Plaintiff seeks damages and

18   attorneys' fees in an amount of at least $7.2 million.  Instead, the demand letter seeks only $3.6

19   million in total damages and $900,000 in attorneys' fees (based on 25% of the damages).  Added

20   together, this adds up to only $4.5 million, which is $500,000 below the CAFA threshold.

21   Defendants have not shown to a legal certainty that CAFA jurisdiction exists.  The Court

22   GRANTS Plaintiff's motion and REMANDS this case to Superior Court.

23

24

1       The Court also finds remand proper because the settlement letter lacks certainty as to the

2  amount in controversy.  The letter qualifies the amount of UCR85 reductions as being "[s]ubject

3  to confirmatory discovery." (Dkt. No. 1-12 at 3.)  The letter further casts uncertainty as to the

4  amount in controversy by stating that the amount requested in only an "estimate."  (Id.)  Plaintiff

5  now argues that these calculation is "clearly too high because it would includes amounts 'that

6  have already been reimbursed by Safeco to date.'" (Dkt. No. 103 at 3.)  Plaintiff's change in

7  position as to damages thus limits the demand letter's clarity and value in establishing the

8  amount in controversy.  Cf. Cohn, 281 F.3d at 840 (noting that a settlement demand was

9  sufficient to show the amount in controversy by a preponderance particularly where the plaintiff

10  affirmed its accuracy).  Defendants themselves present a several different and shifting

11  calculations of the UCR85 reductions at issue, further obfuscating the proper measure of

12  damages.  In support their response brief, Defendants state there is only $1,375,650.54 in UCR85

13  reductions for all eight Safeco companies from May 1, 2006 to September 30, 2011.  (Dkt. No.

14  101 ¶¶ 14-15.)  This includes reductions from six entities that are not defendants, which

15  undermines its accuracy as to the amount of reductions the two Defendants here allegedly took.

16  In their surreply, Defendants then present three more declarations that aver there to be at least

17  $1,368,399 in UCR85 reductions over the class period.  The data presented is not sufficiently

18  complete to enable the Court to verify that it is accurate.  More importantly, Defendants admit

19  the figure they propose is based on an assumption that only a small percentage of UCR85

20  reductions are "reconsidered," i.e., the reduction is not taken.  A claims adjuster, Fannie Siu,

21  "estimates" that no more than 1.5% of the net UCR85 reductions are reconsidered.  (Dkt. No.

22  110 at 3.)  This raises more uncertainty as to whether Defendants' calculations are correct, or

23  even certain.  Just as the Ninth Circuit held in Lowdermilk, the Court here finds that the record is

24

1    not sufficient to show to a legal certainty that the amount in controversy is over $5 million,

2    particularly where Plaintiff disputes the accuracy of his settlement demand, and Defendants fail

3    to present a consistent and supported calculation of damages.  479 F.3d at 999.

4            Even if the Court accepts Defendants' position that there is $1,368,399 in UCR85

5    reductions over the class period, the four corners of the settlement letter do not show the amount

6    to be over $5 million.  Plaintiff has clearly demanded only 50% of the UCR85 reductions as

7    exemplary damages and 25% of the total damages in attorneys' fees.  That produces an amount

8    of $2,565,478.13 in controversy.  The $1,368,399 in UCR85 reductions would only be sufficient

9    to show CAFA jurisdiction if the Court ignores the four corners of the settlement demand letter

10   and applies treble damages, which Plaintiff expressly waives in the settlement letter.  This is not

11   proper, and the Court declines this invitation to error.  See Harris, 425 F.3d at 696.

12           Defendants incorrectly argue that they have no burden to prove the amount in

13   controversy is met because Plaintiff did not raise the argument in a timely manner.  While the

14   Court recognizes that Plaintiff did not properly raise the argument as to the settlement letter's

15   accuracy in its opening brief, the Court has an independent duty to raise issues as to its

16   jurisdiction sua sponte.  The Court is thus obligated to examine the issue, whether properly

17   raised or not.  Defendants' reliance on the recent Supreme Court opinion of Hertz Corp. v.

18   Friend does not alter this outcome.  130 S. Ct. 1181, 1194-95 (2010).  Nowhere does the

19   Supreme Court state that a district court can ignore questions as to its own jurisdiction where an

20   argument is raised for the first time in reply or that a district court cannot raise questions as to its

21   jurisdiction sua sponte.  The Court rejects Defendants' incorrect reading of Hertz.  Importantly,

22   the Court has permitted Defendants a separate response to Plaintiff's argument, and has thus

23   provided Defendants more than ample space to show to a legal certainty that the amount in

24

1    controversy is over $5 million.  Defendants have failed this burden and the case must be

2    remanded.

3          The Court GRANTS Plaintiff's motion, finding a lack of legal certainty as to the amount

4    in controversy and, thus, a lack of CAFA jurisdiction.  The Court REMANDS this matter.

5    C.    Bad Faith Removal

6          Plaintiff requests the Court impose sanctions for what he asserts to be Defendants' bad

7    faith basis for removing the action.  The Courts finds the imposition of sanctions for the removal

8    of this action proper.  The Court awards Plaintiff the cost and attorneys' fees incurred in bringing

9    the motion to remand.

10         Plaintiff requests an award of fees under 28 U.S.C. § 1447(c) and Rule 11.  Under the

11   removal statute, "[a]n order remanding the case may require payment of just costs and any actual

12   expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

13   "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing

14   party has an objectively reasonable basis for removal."  Martin v. Franklin Capital Corp., 546

15   U.S. 132, 140 (2005).  As the Supreme Court has explained, "[t]he appropriate test for awarding

16   fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of

17   prolonging litigation and imposing costs on the opposing party, while not undermining

18   Congress' basic decision to afford defendants a right to remove as a general matter, when the

19   statutory criteria are satisfied."  Id. at 140.  Fees and costs may also be awarded under Rule 11,

20   where removal is undertaken for the purpose of "caus[ing] unnecessary delay, or needlessly

21   increas[ing] the cost of litigation."  Fed. R. Civ. P. 11(b)(1); see also Moore v. Permanente

22   Medical Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992) (holding that sanctions for improper

23   removal may also be awarded under Rule 11).

24

1    The Court finds an award of fees and costs proper because Defendants lacked an

2    objectively reasonable basis for removal and undertook removal as part of an effort to delay trial

3    and increase the costs of litigation.  On the face of the settlement letter, the amount in

4    controversy is undeniably less than the jurisdictional minimum.  Defendants cite, yet ignore the

5    law that the amount must appear in the four corners of the settlement letter.  (Dkt. No. 99 at 7.)

6    The letter limited the amount in controversy to $4.5 million, well below the jurisdictional

7    threshold under CAFA.  Defendants stitched together an untenable argument as to jurisdiction,

8    all the while lacking an objectively reasonable basis on which to remove this case.  The timing of

9    removal also shows that Defendants acted out of a desire to prolong this litigation and avoid

10   certain decisions the Superior Court made adverse to their position.  Starting in July, 2011,

11   Defendants made multiple efforts to postpone the trial set for November 28, 2011.  Defendants

12   filed two motions to continue the trial and a motion to modify an appellate ruling on class

13   certification.  Plaintiff convincingly argues that these repeated efforts to delay trial and avoid the

14   Superior Court's adverse rulings are at least one important reason why Defendants sought this

15   last-minute removal after seventeen months of litigation.  Defendants' desire to relitigate matters

16   already decided by the Superior Court is also evident in the fact they filed motion to dismiss

17   under Rule 12(b)(6) not three days after removal.  The proper forum for Defendants' grievances

18   with the Superior Court's decisions is with the Washington Court of Appeals, not this Court.

19   Defendants have failed to provide any response as to the allegation that the removal was made

20   for the purpose of delay, to increase costs, or to avoid adverse rulings.  The Court finds the

21   award of fees and costs under § 1447(c) proper on the record before it.

22        Defendants argue that sanctions are improper because they had a reasonable basis for

23   removal.  (Dkt. No. 99 at 13 (quoting Martin, 546 U.S. at 140).)  The Court disagrees.  The

24

1    settlement demand letter clearly limited its request to an amount below the CAFA threshold.  It

2    also equivocated as to the calculation of the UCR85 reductions in the first instance.  Viewed

3    objectively, the letter does not show the case to be removable to a legal certainty.  The Court

4    finds little merit in Defendants' arguments.

5            The Court also finds an award of fees and costs to be proper under Rule 11.  As explained

6    above, the Court finds Defendants' reasons for removal to be both dilatory and diversionary.

7    Removal was undertaken in the absence of facts sustaining CAFA jurisdiction, and it was made

8    on the eve of trial after a series of adverse rulings.  Defendants' pending motion to dismiss is

9    simply an attempt to have this Court decide issues already laid to rest by the Superior Court.  The

10   Court concludes that Defendants' removal was presented for the improper purpose of causing

11   delay that unnecessarily increased the costs of litigation.  See Fed. R. Civ. P. 11(b)(1).  The

12   Court finds this an alternative basis on which to award sanctions.

13           The Court will award reasonable attorneys' fees and costs incurred in bringing the motion

14   to remand.  It will not include any award for time spent on or related to Plaintiff's motion for

15   leave to file an additional response brief, and the reply brief.  (See Dkt. Nos. 112, 113, 114, 115.)

16   Plaintiff must submit his request for fees and costs with supporting affidavits detailing the time

17   spent and costs incurred in bringing the motion to remand.  The request must be filed by no later

18   than December 9, 2011 and may not exceed 12 pages.   Defendants may file any opposition of no

19   more than 12 pages by no later than December 14, 2011.  Plaintiff's reply is due by December

20   16, 2011 and shall not exceed six pages.  The Court retains jurisdiction only over the matter of

21   fees and costs, and otherwise remands the case to Superior Court for trial. See Moore, 981 F.2d

22   at 445.

23   \\

24

ORDER GRANTING MOTION TO REMAND - 10

1

### Conclusion

2          The Court GRANTS Plaintiff's motion and REMANDS this case to Superior Court.  The

3   Court finds that the settlement letter is inadequate to show to a legal certainty that the amount in

4   controversy exceeds $5 million and that CAFA jurisdiction exists.  The Court lacks jurisdiction

5   over this matter.  The Court also finds that the removal was made in bad faith.  The Court awards

6   Plaintiff the reasonable cost and attorneys' fees incurred in bringing the motion to remand,

7   pursuant to 28 U.S.C. § 1447(c), and, alternatively, Rule 11.  Plaintiff's request for fees and costs

8   must be filed by no later than December 9, 2011.  Any response is due by December 14, 2011,

9   and any reply is due by December 16, 2011.  All other pending motions are terminated.

10          The clerk is ordered to provide copies of this order to all counsel.

11          Dated this 1st day of December, 2011.

12

13

14          Marsha J. Pechman
15          United States District Judge

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION TO REMAND - 11